AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

**SEALED**

DOA 3/1/23

| United States of America | ) | 2 : 23-cr- 0 0 0 4 JMS -CMM |
| v. | ) | Case No. 23-5071 MJ |
| Kevin MacConkey | ) | -03 |
| Defendant | ) | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Kevin MacConkey,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Count 1: Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846

Date: 2/22/2023

City and state: Indianapolis, Indiana

| Return |
| --- |
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |
| Date: _____ | Arresting officer's signature _____ |
| | Printed name and title _____ |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
FEB 22 2023
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 2:23-cr-0004 JMS-CMM |
| v. | ) ) | CAUSE NO. |
| KERRI MILLER, | ) | -01 |
| JASON WEIR, and | ) | -02 |
| KEVIN MACCONKEY, | ) | -03 |
| Defendants. | ) ) | |

## INDICTMENT

### COUNT 1
21 U.S.C. §§ 841(a)(1) & 846
Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances

The Grand Jury charges that:

Beginning in or about July 2022, and continuing to and including December 15, 2022, in the Southern District of Indiana, Terre Haute Division, and elsewhere, KERRI MILLER, JASON WEIR, and KEVIN MACCONKEY, defendants herein, did knowingly conspire together and with other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute controlled substances – including, but not necessarily limited to, methamphetamine, cocaine, marijuana, and psilocybin mushrooms;

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**Objects of the Conspiracy**

The charged conspiracy had the following objects:

1. The acquisition and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic controlled substance;

2. The acquisition and distribution of cocaine, a Schedule II Narcotic controlled substance;

3. The acquisition and distribution of marijuana, a Schedule I Non-Narcotic controlled substance; and

4. The acquisition and distribution of psilocybin mushrooms, a Schedule I Non-Narcotic controlled substance.

**Manner and Means**

The charged conspiracy operated in the following manner:

1. KERRI MILLER and JASON WEIR coordinated the operation of a drug trafficking organization in the Terre Haute, Indiana, area. During the charged conspiracy, MILLER and WEIR coordinated with persons known and unknown to the Grand Jury to acquire large quantities of methamphetamine from a source in the Phoenix, Arizona area. MILLER and WEIR had the methamphetamine mailed to locations in the Southern District of Indiana or picked up and transported the methamphetamine to the Southern District of Indiana. MILLER and WEIR then distributed the methamphetamine to other individuals.

2. MILLER and WEIR also coordinated with persons unknown to the Grand Jury to acquire marijuana, cocaine, and psilocybin mushrooms. MILLER and WEIR had these controlled substances mailed to locations in the Southern District of Indiana. MILLER and WEIR then distributed these controlled substances to other individuals.

3. MILLER and WEIR were partners in the organization.

2

4.  KEVIN MACCONKEY supplied methamphetamine to MILLER and to WEIR for redistribution. This included supplying methamphetamine to MILLER and WEIR on a "fronted" basis meaning that MACCONKEY collected proceeds from MILLER and WEIR only after the controlled substances had been further distributed for profit by MILLER and WEIR.

5.  Throughout the conspiracy, MILLER, WEIR, and others used cellular telephones to communicate with one another and to further their drug trafficking activities, including using coded language to describe their drug trafficking activities.

### Overt Acts

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the members of the conspiracy did commit the following overt acts, among others:

1.  On or about August 8, 2022, MILLER and WEIR arranged for a delivery of methamphetamine to the Southern District of Indiana. MILLER and WEIR both tracked the package of methamphetamine that was sent to MILLER's residence in Terre Haute, Indiana from Phoenix, Arizona (the "295 Parcel") but was intercepted by U.S. Postal Inspectors and which contained 910.5 grams of a mixture containing methamphetamine.

2.  On August 15, 2022, MILLER called the United States Postal Service customer service line to inquire about the location of the 295 Parcel. MILLER stated that the 295 Parcel contained "quartz crystals" valued at $2,000.

3.  On or about August 18, 2022, MILLER arranged for another delivery of methamphetamine to the Southern District of Indiana. MILLER tracked the package of methamphetamine that was sent to her residence in Terre Haute, Indiana from Phoenix, Arizona but was intercepted by U.S. Postal Inspectors and which contained 913.6 grams of a mixture containing methamphetamine.

4. On or about August 18, 2022, MILLER and WEIR arranged for another delivery of methamphetamine to the Southern District of Indiana. MILLER and WEIR both tracked the third package of methamphetamine that was sent to MILLER's residence in Terre Haute, Indiana from Phoenix, Arizona but was intercepted by U.S. Postal Inspectors and which contained 848 grams of methamphetamine.

5. On or about November 1, 2022, MILLER and WEIR had a phone conversation in which they discussed the packages of drugs that were sent to MILLER's residence from Phoenix, Arizona, but which never arrived.

6. On or about November 2, 2022, MILLER had a phone conversation with a person known to the Grand Jury (Individual 1) about distributing controlled substances including marijuana to Individual 1. MILLER met with Individual 1 on or about November 2, 2022 to distribute controlled substances to Individual 1.

7. On or about November 5, 2022, MILLER and WEIR had a phone conversation in which they discussed the packages of drugs that were sent to MILLER from Phoenix, Arizona, but which never arrived.

8. On or about November 6, 2022, MILLER had a phone conversation with a person known to the Grand Jury (Individual 2) about the packages of drugs that were sent to MILLER from Phoenix, Arizona, but which never arrived. MILLER and Individual 2 also discussed drug prices.

9. On or about November 9, 2022, MILLER had a phone conversation with a person known to the Grand Jury (Individual 3) about distributing methamphetamine and cocaine to Individual 3.

4

10. On or about November 11, 2022, MILLER and WEIR had another phone conversation in which they discussed the packages of drugs that were sent to MILLER from Phoenix, Arizona, but which never arrived. MILLER and WEIR also discussed a quarter pound of methamphetamine that WEIR fronted to a customer.

11. On or about November 14, 2022, within the Southern District of Indiana, Terre Haute Division, MILLER distributed 4.2 grams of cocaine, a Schedule II Narcotic controlled substance, to a person known to the Grand Jury (Individual 4).

12. On or about November 16, 2022, WEIR arranged for the delivery of marijuana and psilocybin mushrooms to the Southern District of Indiana. This package of marijuana and psilocybin mushrooms was shipped to WEIR's residence in Terre Haute, Indiana, but was intercepted by U.S. Postal Inspectors and contained 453.29 grams of marijuana and 453.59 grams of psychotropic mushrooms.

13. On or about November 28, 2022, MILLER and a person known to the Grand Jury (Individual 5) had a phone conversation in which they discussed the packages of drugs that were sent to MILLER from Phoenix, Arizona, but which never arrived. MILLER and Individual 5 also discussed an upcoming trip to Arizona to obtain methamphetamine.

14. On or about November 30, 2022, MILLER, WEIR, and Individual 5, traveled from the Southern District of Indiana to KEVIN MACCONKEY's residence in Phoenix, Arizona where they obtained 4,394 grams of methamphetamine, which they intended to transport to the Southern District of Indiana for redistribution.

15. On or about December 5, 2022 and December 6, 2022, WEIR and a person known to the Grand Jury (Individual 6) exchanged text messages in which they discussed the November 30, 2022 traffic stop in Phoenix, Arizona during which the 4,394 grams of

methamphetamine that MACCONKEY distributed to MILLER, WEIR, and Individual 5 for redistribution in the Southern District of Indiana were seized.

16. On or about December 6, 2022, MILLER and a person known to the Grand Jury (Individual 7) exchanged text messages about the November 30, 2022 traffic stop in Phoenix, Arizona during which the 4,394 grams of methamphetamine that MACCONKEY distributed to MILLER, WEIR, and Individual 5 for redistribution in the Southern District of Indiana were seized.

17. On or about December 6, 2022, MILLER and WEIR had multiple telephone calls in which they discussed the location of drugs in WEIR's residence, and MILLER's attempts to locate and use these drugs.

18. On or about December 9, 2022, within the Southern District of Indiana, WEIR distributed an unknown quantity of controlled substances to a person known to the Grand Jury (Individual 8).

19. On or about December 9, 2022, WEIR had multiple telephone calls with Individual 8 about how Individual 8 was traffic-stopped by police after Individual 8 left WEIR's house.

20. On or about December 13, 2022, WEIR, using a telephone with a Southern District of Indiana area code, exchanged text messages with MACCONKEY about the November 30, 2022 traffic stop in Phoenix, Arizona.

21. On or about December 13, 2022, MILLER and WEIR had a telephone call in which they discussed WEIR giving MILLER money to purchase drugs for WEIR.

22. On or about December 13, 2022, MILLER and WEIR had a telephone call in which they discussed owing money to various individuals for the purchase of drugs.

Case 2:23-mj-05071-DMF Document 1 Filed 03/01/23 Page 8 of 10
Case 2:23-cr-00004-JMS-CMM *SEALED* Document 16 Filed 02/22/23 Page 7 of 9 PageID #: 69

23. On or about December 13, 2022, MILLER exchanged text messages with a person known to the Grand Jury (Individual 9) in which MILLER discussed picking up drugs for WEIR.

24. On or about December 15, 2022, MILLER possessed with the intent to distribute approximately 896.8 grams of a mixture containing methamphetamine.

25. On or about December 15, 2022, WEIR possessed with the intent to distribute approximately 54 grams of a mixture containing methamphetamine.

## COUNT 2
21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii)
Possession with the Intent to Distribute 500 Grams or More of a Mixture or Substance Containing Methamphetamine

On or about December 15, 2022, in the Southern District of Indiana, Terre Haute Division, KERRI MILLER, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture of substance containing methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section (b)(1)(A)(viii).

## COUNT 3
21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(viii)
Possession with the Intent to Distribute 50 Grams or More of a Mixture or Substance Containing Methamphetamine

On or about December 15, 2022, in the Southern District of Indiana, Terre Haute Division, JASON WEIR, did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture of substance containing methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section (b)(1)(B)(viii).

## SENTENCING ENHANCEMENTS

The grand jury further alleges that:

1. Before JASON WEIR, defendant herein, committed the offenses charged in Counts 1 and 3, JASON WEIR had sustained a final conviction for a serious drug felony, namely convictions for Conspiracy to Distribute 500 grams or More of a Substance Containing Methamphetamine and Possession with Intent to Distribute 50 grams or More of a Substance Containing Methamphetamine, in the United States District Court, Southern District of Indiana, Cause Number 2:08-cr-15-JRS-CMM-10, for which he served more than 12 months of imprisonment, and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offenses charged in Counts 1 and 3.

## FORFEITURE

1. Pursuant to Title 21, United States Code, Section 853, if convicted of any of the offenses set forth in Counts 1, 2, or 3 of the Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

2. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above in paragraph 1, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

8

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL:

ZACHARY A. MYERS
United States Attorney

By: *[signature]*

Kathryn E. Olivier
Samantha Spiro
Assistant United States Attorneys
WLM

9